No. 20,216.

ALMA L. HERRICK, *Appellee,* v. THE NATIONAL COUNCIL OF THE KNIGHTS & LADIES OF SECURITY, *Appellant.*

#### SYLLABUS BY THE COURT.

FRATERNAL INSURANCE—*False Statements in Application—Conflicting Evidence—Findings Conclusive.* Upon the question in controversy, Did the insured in his application for insurance give false answers to questions regarding his physical condition? there was conflicting evidence, and sufficient to sustain the finding of the trial court. That finding is conclusive.

Appeal from Anderson district court; CHARLES A. SMART, judge. Opinion filed June 10, 1916. Affirmed.

*Charles W. Garrison,* and *Manford Schoonover,* both of Garnett, for the appellant.

*Noah L. Bowman,* and *John K. Bowman,* both of Garnett, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Alma L. Herrick as the beneficiary of a life certificate issued by the defendant, The National Council of the Knights & Ladies of Security, to recover the sum of $3000, which the defendant had agreed to pay upon the death of her son, George A. Herrick. The defendant refused to pay the benefit on the ground that the insured had given false answers to questions in his application for admission to the order, which, under the by-laws, were to be treated as express warranties. Herrick was examined by an authorized examining physician of the defendant on the 29th day of January, 1912, who certified that Herrick was a first-class risk, and the latter was admitted as a member on or about February 2. One of the questions in the application

was: "Have you had any illness, constitutional disease or injury during the past five years requiring the services of a physician or surgeon?" to which Herrick answered, "No." In the early part of 1913 Herrick was discovered to be afflicted with a severe case of diabetes, from which he had apparently been suffering for several months. He was sent to Texas in an effort to improve his health, but he grew worse and died as a result of the disease in August, 1914. The case was tried by the court without a jury and judgment was given in favor of the plaintiff.

On this appeal the defendant contends that in his application George A. Herrick made false statements as to his physical condition, that these formed the basis of the insurance contract and, according to the terms of the certificate, defeats any recovery thereon.

Whether the statements were false or true was the only question in dispute between the parties. Upon it the evidence was conflicting. The trial court weighed the evidence and settled the dispute. The testimony of several witnesses, including the physician who was the accredited examiner of the defendant and examined George A. Herrick when he became a member of the order, was to the effect that he was then sound and well and had not had diabetes or any serious ailment before that time. About a year after becoming a member an examination by a physician disclosed that he had diabetes and, as we have seen, about twenty months after joining the order he died. According to the diagnosis of this physician, the diseased condition had existed about seven months prior to the examination. To repel any inference that Herrick had the disease when he made his application for membership, a physician testified that in the young the disease of diabetes runs its course in much shorter time than in the case of the aged, and that it might be expected to terminate fatally in less than a year in one of Herrick's age. While one physician testified with considerable positiveness that Herrick had diabetes prior to the time he became a member of the order, his testimony was weakened to a great extent in the cross-examination. Besides, his appearance and manner in giving his testimony may have been more significant than his words. There was much.

testimony in the case contradicting that given by him and which sufficiently supports the finding of the court. We have nothing to do, however, with the credibility of the witnesses or the weight of their testimony. That function has been exercised by the trial court and its judgment must be affirmed.